O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER MANCILLA LUNA, | ) | Case No. EDCV 11-00758-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Javier Mancilla Luna seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance ("DIB") benefits. For the reasons stated below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings.

## I.  Background

Plaintiff was born on October 21, 1965. (Administrative Record ("AR") at 20, 113.) He completed twelve years of education in Mexico and has no other educational or vocational training. (AR at 20.) Plaintiff has work experience performing door and cabinet installation and R.V.

1  assembly. (AR at 19.)

2      Plaintiff filed an application for benefits on March 7, 2008,
3  alleging that he had been disabled since November 30, 2006, due to a
4  spinal injury. (AR at 124.) Plaintiff's application was denied initially
5  on May 2, 2008, and upon reconsideration on September 3, 2008. (AR at
6  40-44, 48-52.) An administrative hearing was held on January 28, 2010,
7  before Administrative Law Judge ("ALJ") Jesse J. Pease at which
8  Plaintiff was represented by counsel. Plaintiff testified at the
9  hearing, as did a vocational expert. (AR 465-484.)

10     On March 11, 2010, ALJ Pease denied Plaintiff's application for
11  benefits. (AR at 7-21.) The ALJ found that Plaintiff had not engaged in
12  substantial gainful activity during the period at issue. (AR at 15.) The
13  ALJ further found that the medical evidence established that Plaintiff
14  suffered from the severe impairment of status-post posterolateral fusion
15  L4 to the sacrum with pedicle screws bilaterally at L4, L5 and S1 and
16  repeat decompression laminotomy at L4-L5 bilaterally. (Id.) The ALJ
17  concluded that Plaintiff's impairments did not meet, or were not
18  medically equal to, one of the listed impairments in 20 C.F.R., Part
19  404, Subpart P, Appendix 1. (Id.) The ALJ next found that Plaintiff
20  retained the residual functional capacity to perform light work as
21  defined in 20 C.F.R. 404.1567(b) with the following exceptions:

22          the claimant can lift and/or carry 20 pounds occasionally and
23          10 pounds frequently; he can stand and/or walk for six hours
24          out of an eight-hour workday with regular breaks; he can sit
25          for six hours out of an eight-hour workday with regular
26          breaks; he must be allowed to change positions every 30
27          minutes for up to 10 minutes; he can perform occasional
28          postural activities; and he understands and speaks very little

2

1    English.

2    (Id.)

3        The ALJ determined that Plaintiff was unable to perform his past

4    relevant work. (AR at 19.) However, the ALJ found that there were jobs

5    that exist in significant numbers in the national economy that

6    Plaintiff could perform, such as garment sorter, hand packager, and

7    bench assembly. (AR at 20-21.) The ALJ concluded, therefore, that

8    Plaintiff was not disabled within the meaning of the Social Security

9    Act. *See* 20 C.F.R. § 416.920(f).

10       On March 25, 2011, the Appeals Council denied review (AR at 1-3)

11   and Plaintiff timely commenced this action for judicial review. On

12   March 5, 2012, the parties filed a Joint Stipulation ("Joint Stip.")

13   of disputed facts and issues. Plaintiff contends that (1) the ALJ's

14   residual functional capacity assessment is not supported by

15   substantial evidence; and (2) the ALJ failed to make a proper

16   credibility determination. (Joint Stip. at 3.) Plaintiff seeks remand

17   for a new administrative hearing. (Joint Stip. at 17.) The

18   Commissioner requests that the ALJ's decision be affirmed. (Joint

19   Stip. at 18.)

20

21   **II.  Standard of Review**

22       Under 42 U.S.C. § 405(g), a district court may review the

23   Commissioner's decision to deny benefits. The Commissioner's or ALJ's

24   decision must be upheld unless "the ALJ's findings are based on legal

25   error or are not supported by substantial evidence in the record as a

26   whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra

27   v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence

28   means such evidence as a reasonable person might accept as adequate to

support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The ALJ Improperly Discredited Plaintiff's Subjective Symptom Testimony**

Plaintiff contends that the ALJ improperly discredited his subjective symptom testimony. (Joint Stip. at 11.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Plaintiff testified to the following at the administrative hearing: He has pain in his low back and both legs. He can stand for only 10 to 15 minutes before he has to sit; he can walk for only 25 to

---

[1]   "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

30 minutes before he has to rest; and he can sit for only 20 to 25 minutes before he has to change positions for 5 or 10 minutes. He can lift at most 15 to 20 pounds. He has to lie down four or five times every day for 15 to 20 minutes at a time because of the pain and because his pain medication makes him sleepy. (AR at 471-475.) Here, the ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 16.) He was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

However, the ALJ did not provide any specific reasons for rejecting Plaintiff's testimony, but rather merely stated that the objective medical evidence did not support the alleged severity of Plaintiff's symptoms and limitations, without specifying what medical evidence in the record contradicts Plaintiff's subjective complaints. (AR at 16-17.) This was error. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that "lack of medical evidence cannot form the sole basis for discounting pain testimony"). Although "the medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects," once a claimant produces objective medical evidence of an underlying impairment, an ALJ "may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

Here, the ALJ provided no other reason for discrediting Plaintiff's testimony other than that it was not supported by the objective medical evidence. Because the sole reason given by the ALJ for failing to credit Plaintiff's testimony regarding his symptoms and

1   related limitations was not supported by substantial evidence,

2   Plaintiff is entitled to relief on this claim.

3          **B.   The ALJ Failed to Properly Assess Plaintiff's RFC**

4          Plaintiff contends that the ALJ failed to properly consider the

5   medical evidence in assessing his RFC. (Joint Stip. at 4.) Plaintiff

6   argues that the ALJ's assessment that he is capable of standing and/or

7   walking and sitting for up to six hours out of an eight-hour work day

8   is not supported by the medical evidence or by Plaintiff's testimony.

9   (Id. at 5.)

10         A claimant's RFC is what he is capable of doing despite his

11  physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v.*

12  *Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an

13  assessment of an individual's ability to do sustained work-related

14  physical and mental activities in a work setting on a regular and

15  continuing basis." SSR 9608p, 1996 WL 374184, at *1 (S.S.A. July 2,

16  1996). An RFC assessment is ultimately an administrative finding

17  reserved to the Commissioner, based on all of the relevant evidence,

18  including the diagnoses, treatment, observations, and opinions of

19  medical sources, such as treating and examining physicians. 20 C.F.R.

20  § 404.1527(e)(2).

21         In support of the RFC assessment, the ALJ cited opinions from two

22  of Plaintiff's treating physicians, Drs. Christopher H. Fleming, M.D.

23  and Dr. Neil J. Halbridge, M.D. (AR at 18-19.) Both Dr. Fleming and

24  Dr. Halbridge, who treated Plaintiff in the context of his worker's

25  compensation claim, determined that Plaintiff was precluded from

26  prolonged sitting, standing or walking. (Id. citing AR at 249, 268,

27  346.) In concluding that Plaintiff was able to sit, stand and/or walk

28  for six hours out of an eight-hour workday, the ALJ stated that

                                    7

Plaintiff "must be allowed to change positions every 30 minutes for up to 10 minutes." (AR at 16.)

There is insufficient medical evidence in the record to support the ALJ's RFC assessment, which found that Plaintiff could sit, stand and/or walk for six hours out of an eight-hour work day if he were allowed to change positions for up to 10 minutes every 30 minutes. Each of the physicians who treated Plaintiff, Drs. Halbridge, Fleming and Dr. David Siambanes, D.O., concluded that Plaintiff was precluded from prolonged sitting, standing and walking. None of these medical opinions cited by the ALJ ever noted that Plaintiff would be able to walk, sit and/or stand for six hours out of an eight-hour workday if he were allowed to change positions for 10 minutes every thirty minutes.

Although Dr. Fleming did state in a June 5, 2007 report that Plaintiff "should avoid prolonged sitting or prolonged standing and walking for more than one hour at a time or 4 hours, in an 8-hour day without the ability to change positions" (AR at 268), he never opined that changing positions for 10 minutes every thirty minutes would enable Plaintiff to sit, stand and/or walk for six out of eight hours. In fact, Dr. Fleming specifically limited Plaintiff to sitting, standing and/or walking for no more than four hours out of an eight-hour day. (Id.)

Furthermore, six months later, on December 3, 2007, Dr. Fleming stated that he "agree[d] with Dr. Siambanes that preclusion against heavy work as well as prolonged sitting and prolonged standing and walking is appropriate." (AR at 249, citing AR at 232.) In addition, two years later, on November 17, 2009, Dr. Halbridge, in agreement with Dr. Fleming's December 3, 2007 report, concluded that Plaintiff

8

could not perform any "prolonged sitting or prolonged standing or prolonged walking." (AR at 346.) None of the more recent medical opinions concluded that Plaintiff would be able to sustain prolonged sitting, standing and walking if he were allowed to change positions for 10 minutes every 30 minutes.

Accordingly, the Court agrees with Plaintiff's contention that the ALJ improperly determined Plaintiff's RFC because the medical evidence cited by the ALJ does not support the RFC assessment.

**IV. Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

//

//

//

Here, the ALJ failed to explain with sufficient specificity the basis for his determination that Plaintiff was not fully credible and failed to properly assess Plaintiff's RFC. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: March 13, 2012

_____
Marc L. Goldman
United States Magistrate Judge